**SANDERS–MIDWEST, INC., Appellant,**

v.

**MIDWEST PIPE FABRICATORS, INC., Appellee.**

No. 87–2468.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1988.

Decided Oct. 3, 1988.

Richard W. Miller, Kansas City, Mo., for appellant.

Glenda J. Pierce, Omaha, Neb., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and RE,* Chief Judge.

FAGG, Circuit Judge.

Sanders–Midwest, Inc. (Sanders) appeals the district court's rulings in favor of Midwest Pipe Fabricators, Inc. (Midwest) in this action seeking judicial review of an arbitration award. We affirm.

Sanders and Midwest agreed to submit a contract dispute between them to binding arbitration. Minutes before the arbitration hearing was to begin, one of the three arbitrators scheduled to hear the case informed the parties his law firm represented a client in litigation against Sanders. The arbitrator assured Sanders and Midwest, however, that he was not personally involved in the case. With that understanding, the parties went forward with the hearing.

The arbitrator's time records later revealed his representations to the parties at the hearing were significantly inaccurate. The arbitrator actually had logged close to 100 hours related to the lawsuit against Sanders and had earned over $10,000 in fees. The arbitration panel made its award in favor of Midwest and against Sanders, and the award was delivered to Sanders on October 11, 1986.

On January 6, 1987, Sanders filed an application to vacate the award in Missouri state court relying on the Missouri Uniform Arbitration Act, Mo.Ann.Stat. §§ 435.350 to 435.470 (Vernon Supp.1988) (the Missouri Act). As grounds for the application Sanders claimed, among other things, that the award was procured by fraud and was not made by an impartial panel because of the presence of the arbitrator who was involved in litigation against Sanders. In accordance with the Missouri Act, Sanders' application to vacate was made within ninety days after delivery of the award. See id. § 435.405.2. Service of process on Midwest, however, was obtained on February 24, 1987, after the ninety day period expired. See id. § 435.425.

Meanwhile Midwest, on February 13, 1987, filed a separate application for confirmation of the award in federal district court under the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (the Federal Act). After becoming aware of Sanders' state court application challenging the same award, Midwest petitioned for removal of Sanders' state court action on diversity of citizenship grounds. 28 U.S.C. §§ 1332(a)(1), 1441(a). The removed state case and Midwest's separate federal case were consolidated for consideration by the district court.

Midwest moved for summary judgment on its application to confirm the award and

* The HONORABLE EDWARD D. RE, Chief Judge, United States Court of International Trade, sitting by designation.

for dismissal of Sanders' application to vacate, asserting the Federal Act governed the parties' rights. Relying on section 12 of the Federal Act, Midwest claimed Sanders' application to vacate was untimely because notice had not been served on Midwest "within three months after the award [was] * * * delivered." 9 U.S.C. § 12. In opposition, Sanders contended that because it had filed its application to vacate the award in state court, and because removal had been premised only on diversity grounds, Sanders' motion to vacate was subject to the requirements of the Missouri Act. Thus, Sanders argued it need not comply with the service requirements of the Federal Act and that it was entitled to raise the fraud and partiality issues as grounds to vacate the award.

The district court held it could not consider Sanders' grounds for vacating the award because Sanders had failed to comply with the Federal Act. Accordingly, the district court granted Midwest's motions for summary judgment and for confirmation of the award and denied Sanders' application to vacate.

On appeal, Sanders argues we are required to apply Missouri rather than federal law and that under the Missouri Act, Sanders' application to vacate was timely. We believe this argument is misplaced. The Federal Arbitration Act is " 'a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.' " *Perry v. Thomas,* — U.S. —, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)). This substantive law controls in either state or federal court. *Southland Corp. v. Keating,* 465 U.S. 1, 12, 104 S.Ct. 852, 859, 79 L.Ed. 2d 1 (1984). This means traditional choice of law principles in diversity actions, *see Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), are not available when the Federal Act applies to the case. *See Webb v. R. Rowland & Co.,* 800 F.2d 803, 806–07 (8th Cir.1986); *Collins Radio Co. v. Ex-Cell-O Corp.,* 467 F.2d 995, 998 (8th Cir.1972); *see also, e.g.,*

*Foster v. Turley,* 808 F.2d 38, 40 (10th Cir.1986); *Goodwin v. Elkins & Co.,* 730 F.2d 99, 108 (3d Cir.), *cert. denied,* 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984); *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.,* 625 F.2d 22, 25–26 (5th Cir.1980). The Missouri Supreme Court also recognizes the principle that when the Federal Act applies to a dispute, it "is obliged to apply federal law, and may not apply state law, substantive or procedural, [that] is in derogation of federal law." *Bunge Corp. v. Perryville Feed & Produce, Inc.,* 685 S.W.2d 837, 839–40 (Mo. 1985) (en banc).

Sanders does not dispute the district court's determination that the parties' agreement to arbitrate in this case falls within the scope of the Federal Act. Thus, we are required to apply federal rather than Missouri law to resolve this appeal.

■ Under section 12 of the Federal Act, Sanders was required to give Midwest notice of its objections to the award within three months after the award was filed. 9 U.S.C. § 12. Sanders does not argue it complied with this requirement, nor could it because it admits Midwest was served after the three month period expired. Thus, under the applicable federal law, the district court was barred from considering Sanders' application to vacate the award because Sanders "fail[ed] to comply with the statutory precondition of timely service of notice." *Piccolo v. Dain, Kalman & Quail, Inc.,* 641 F.2d 598, 600 (8th Cir. 1981); *see Corey v. New York Stock Exch.,* 691 F.2d 1205, 1212 (6th Cir.1982).

■ Sanders argues it nevertheless may raise its objections to the award in response to Midwest's motion to confirm. We disagree.

The authorities agree that a party may not assert a defense to a motion to confirm that the party could have raised in a timely motion to vacate, modify, or correct the award. *See, e.g., Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986); *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 174–75 (2d Cir.1984); *Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 v. Celo-*

*tex Corp.*, 708 F.2d 488, 490 (9th Cir.1983); *Service Employees Int'l Union, Local No. 36 v. Office Center Servs., Inc.*, 670 F.2d 404, 412 (3d Cir.1982); *Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union No. 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1027 (7th Cir.1980), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). The rule applies to claims challenging the partiality of the arbitrator. *See, e.g., Taylor*, 788 F.2d at 223, 225; *Florasynth*, 750 F.2d at 173–75; *see also Corey*, 691 F.2d at 1211–12. We recognize the rule is not facially applicable to this case because Sanders filed its application to vacate in a state court within the three month period. Nevertheless, the rule is reasonably applied to Sanders' situation because the Federal Act has made section 12 service of notice a precondition to judicial review of the award. *See* 9 U.S.C. §§ 10, 12.

Under the federal law principles governing this action, Sanders' application to vacate the award in favor of Midwest was untimely. No exceptions to the time for service of notice appear in the Federal Act, and Sanders does not ask us to fashion an exception for situations when the challenging party files, but fails to serve notice of, its motion to vacate within the three month period. This being the case, we decline to consider an issue that was neither raised in the district court nor argued here. We note other courts are skeptical that any exception to the service requirement exists. *See Taylor*, 788 F.2d at 225; *Piccolo*, 641 F.2d at 601; *see also Corey*, 691 F.2d at 1213 ("The three month notice requirement in section 12 for an appeal of the award on section 10 or 11 grounds [would be] meaningless if a party to the arbitration proceedings may [assert] * * * claims outside of the statutory time period provided for in section 12.").

Thus, Midwest is entitled to summary judgment and to confirmation of the arbitration award. We affirm the rulings of the district court.