LOCAL 2, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Appellee,

v.

ANDERSON UNDERGROUND CONSTRUCTION, INC., Michael H. Anderson and Janet Anderson, d/b/a Anderson Underground Construction, Inc., Appellants.

No. 89–1078WM.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided July 2, 1990.

---

James R. Willard, Kansas City, Mo., for appellants.

Lisa S. Van Amburg, St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge and FAGG, Circuit Judge.

FAGG, Circuit Judge.

The district court held Anderson Underground Construction, Inc.'s (Anderson) challenge to an arbitration award in favor of Local 2, International Brotherhood of Electrical Workers, AFL–CIO (Local 2) was time barred. Anderson appeals, and we affirm.

Local 2 filed a grievance asserting Anderson hired nonunion workers on one of its projects in violation of the parties' collective bargaining agreement. A joint labor-management committee conducted a hearing in June 1985 to arbitrate the dispute, as specified in the parties' agreement. The committee unanimously found Anderson had violated the collective bargaining agreement, and then conducted an audit of Anderson's records to determine the amount Anderson owed in back wages and benefits. The committee reconvened to finalize and issue the arbitration award on February 14, 1986. On February 20, Anderson received a copy. Although the award was issued without signatures, Anderson and Local 2 never questioned the finality of the committee's action during proceedings before the district court. When a minor calculation error was discovered and corrected, the committee recirculated the award. The committee signed the revised award on July 2, 1986.

Local 2 filed an enforcement action in district court on July 18, 1986. On April 3, 1987, Anderson asserted for the first time grounds to vacate the award. Anderson claimed the joint labor-management committee's conduct at the June hearing in 1985 denied Anderson due process. The district court decided Anderson's grounds to vacate were time barred and granted Local 2's motion for summary judgment enforcing the arbitration award.

Section 301(a) of the Labor Management Relations Act confers jurisdiction on the district court to hear labor disputes, but does not provide a statute of limitations. *See* 29 U.S.C. § 185(a) (1982). Thus, the district court must borrow a statute of limitations from state law most analogous to the dispute. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–05, 86 S.Ct. 1107, 1111–13, 16 L.Ed.2d 192 (1966); *see also Robbins v. Iowa Rd. Builders Co.*, 828 F.2d 1348, 1353 (8th Cir.1987), *cert. denied,* 487 U.S. 1234, 1240, 108 S.Ct. 2899, 2914, 101 L.Ed.2d 933, 945 (1988). The district court adopted a provision of the Missouri Uniform Arbitration Act that requires filing an application to vacate an arbitration award "within ninety days after delivery of a copy of the award to the applicant." Mo.Rev.Stat. § 435.405(2) (1986).

**76**

Anderson first argues the statute of limitations adopted by the district court does not apply because the collective bargaining agreement lacks a notice clause required by the Missouri Uniform Arbitration Act. *See id.* § 435.460 (1986); *see also Hefele v. Catanzaro,* 727 S.W.2d 475, 476–77 (Mo.Ct.App.1987) (arbitration clause unenforceable when required statement of notice in section 435.460 omitted). Anderson's argument is without merit. The Missouri Supreme Court has refused to apply Missouri's section 435.460 notice requirement "to defeat the arbitration provision of a contract [that] is within the coverage of [a] federal statute." *Bunge Corp. v. Perryville Feed & Produce,* 685 S.W.2d 837, 839 (Mo.1985) (en banc). We thus accept the district court's application of the ninety-day Missouri statute of limitations to this action. *See Johnson v. Hussmann Corp.,* 805 F.2d 795, 797 (8th Cir. 1986) (section 301 claim involving breach of collective bargaining agreement barred by Mo.Rev.Stat. § 435.405(2)).

Anderson next argues its grounds to vacate the arbitration award were not time barred because the limitations period began after Anderson "received a copy of a final, signed award, [ ] sometime after July 2, 1986," and thus its grounds to vacate relate back to the filing of Local 2's enforcement action on July 18, 1986. Anderson's arguments miss the mark. The record shows the parties understood the final award was circulated in February and, indeed, Anderson acknowledged "the completed award was read ... and summarily approved" at the committee's February 14 meeting. Because Anderson failed to raise the issue in the district court that the award was not final until signed, we will not consider the issue for the first time on appeal. *Harris v. Steelweld Equip. Co.,* 869 F.2d 396, 406 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989). Further, the committee's ministerial activity of correcting a minor computational error did not alter the essential elements of the February award's finality. *See Dreis & Krump Mfg. Co. v. International Ass'n of Machinists, Dist. No. 8,* 802 F.2d 247, 250–51 (7th Cir.1986).

Because the arbitration award was final in February, the ninety-day statute of limitations had run long before Local 2 filed its action to enforce the award. The rule is clear that "[Anderson's] failure to move to vacate the arbitration award within the prescribed [ninety-day] period precludes [Anderson] from seeking affirmative relief in a [later] action to enforce the award." *International Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox,* 826 F.2d 962, 965–66 (10th Cir.1987) (citations omitted); *see also Sanders–Midwest, Inc. v. Midwest Pipe Fabricators,* 857 F.2d 1235, 1237 (8th Cir.1988).

The district court is affirmed.