**LOCAL UNION NO. 36, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL–CIO, Appellee,**

v.

**ATLAS AIR CONDITIONING COMPANY, Appellant.**

No. 89–2816.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.

Decided Feb. 27, 1991.

David G. Millar, St. Louis, Mo., for appellant.

Sally Barker, St. Louis, Mo., for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Local 36, Sheet Metal Workers' International Association, AFL–CIO, filed a grievance against Atlas Air Conditioning Company, Inc., protesting Atlas' failure to comply with the terms of Local 36's collective bargaining agreement when performing

work in Local 36's territory in and around St. Louis, Missouri. Local 36 sued for enforcement of the St. Louis Local Joint Adjustment Board's award. The district court[1] granted summary judgment for Local 36. 722 F.Supp. 561. Atlas appeals, and we affirm.

## I.

The Sheet Metal Workers' International Union, with which Local 36 is affiliated, negotiates collective bargaining agreements with the Sheet Metal and Air Conditioning Contractors National Association, Inc., an association of employers in the industry, of which Atlas is a member. These national negotiations produce a standard form collective bargaining agreement, a basis for negotiation of local agreements throughout the country. Local 36 adopted most of the standard agreement when negotiating with St. Louis area employers in the sheet metal industry. Atlas, located in Houston, Texas, had a collective bargaining agreement with Local 54, Sheet Metal Workers' International Association, AFL–CIO, also based on the standard form. Atlas and Local 36, then, are not signatories to the same collective bargaining agreement.

In the fall of 1987, Local 36 representatives discovered Atlas performing sheet metal construction within Local 36's territory without paying the wage rates or abiding by the working conditions required by the Local 36 agreement. Atlas was using neither Local 36 nor Local 54 employees to perform this work. Believing that Atlas was in violation of the Local 54 and Local 36 agreements, Local 36 filed a grievance against Atlas in St. Louis.

The St. Louis Board concluded that Atlas was obligated by Article VIII, Section 6 of the Local 54 agreement to abide by the Local 36 agreement when performing work in Local 36's territory. The board found that Atlas had failed to report hours, pay contract wages, and report fringe benefit contributions in compliance with the Local

36 agreement. Despite notification of the grievance hearing, Atlas did not appear before the St. Louis Board to object to its jurisdiction, did not appeal the board's award to Local 36, and did not take action to vacate the award.

## II.

Atlas challenges the jurisdiction of the St. Louis Board. Atlas contends Local 36 should have presented its grievance to the Houston Board under Article X of the Local 54 agreement. Local 36 responds that Atlas waived its lack of jurisdiction defense by failing to take action to vacate the award by the St. Louis Board.

Article X, section 3 of the Local 54 agreement provides in part that "a contractor who was not a party to the labor agreement of the area in which the work in dispute is performed may appeal the decision of the Local Joint Adjustment Board, including a unanimous decision, and request a [National] Panel hearing...." We conclude that this language does not require Local 36 to bring its grievance to Houston, as Atlas argues must be done. Atlas is not a party to the labor agreement in St. Louis where the work in dispute was performed and therefore was empowered to appeal the St. Louis Board's decision to the National Panel. This special protection afforded Atlas was intended to remedy any bias a local board may have had against Atlas. Atlas did not take advantage of the contract provision that anticipated the situation in which Atlas now finds itself, and we will not now hear its complaint.

Atlas had three alternative methods to challenge the St. Louis Board's assumption of jurisdiction when given notice of the Local 36 grievance, as we explained in *Franklin Elec. Co. v. International Union, UAW*, 886 F.2d 188, 191–92 (8th Cir. 1989). Atlas could have objected to the arbitrator's authority, refused to argue the arbitrability issue, and proceeded to the merits of the grievance. By making an

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

objection as to jurisdiction and an express reservation of the question on the record, Atlas would not have lost its defense. Second, Atlas could have sought declaratory or injunctive relief prior to the commencement of arbitration. Finally, Atlas could have notified the St. Louis Board that it refused to arbitrate altogether.

 Atlas argues that it followed the third route, and thus has not waived its defense. We disagree. Atlas could not sit back with impunity until faced with a motion for summary judgment in federal district court. Atlas should have notified the St. Louis Board of its refusal to arbitrate or brought an action to vacate the award, alleging the St. Louis Board's lack of jurisdiction, to preserve its defense. An employer may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate. *Sanders–Midwest, Inc. v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237–38 (8th Cir.1988); *Local 2, Int'l Bhd. of Elec. Workers v. Anderson Underground Constr., Inc.*, 907 F.2d 74, 76 (8th Cir.1990). We agree with the district court that Atlas' objection to the arbitration award was not timely raised before the St. Louis Board or in a motion to vacate, and thus was waived.

### III.

 Even if Atlas' objection to the arbitration award were held to be timely raised, the objection would fail on its merits. Article VIII of the Local 54 agreement sets forth terms and conditions for the performance of sheet metal construction by Atlas outside Local 54's territory in the Houston area. The Local 36 agreement contains language identical to the Local 54 agreement in Sections 5 and 6 of Article VIII, which provide:

> *Section 5.* Except as provided in Section 2 & 6 of this Article, the Employer agrees that journeymen sheet metal workers hired outside of the territorial jurisdiction of this Agreement shall receive the wage scale and working conditions of the Local Agreement covering the territory in which such work is performed or supervised.

> *Section 6.* When the Employer has any work specified in Article I of this Agreement to be performed outside of the area covered by this Agreement and within the area covered by another Agreement with another union affiliated with the Sheet Metal Workers' International Association, and qualified sheet metal workers are available in such area, he may send no more than two (2) sheet metal workers per job into such area to perform any work which the Employer deems necessary, both of whom shall be from the Employer's home jurisdiction. All additional sheet metal workers shall come from the area in which the work is to be performed. Journeymen sheet metal workers covered by this Agreement who are sent outside of the area covered by this Agreement shall be paid at least the established minimum wage scale specified in Section 1 of this Article, but in no case less than the established wage scale of the local Agreement covering the territory in which such work is performed or supervised, plus all necessary transportation, travel time, board and expenses while employed in that area, and the Employer shall be otherwise governed by the established working conditions of that local Agreement. If employees are sent into an area where there is no local Agreement of the Sheet Metal Workers' International Association covering the area then the minimum conditions of the home local shall apply.

The Ninth Circuit, in *McKinstry Co. v. Sheet Metal Workers' International*, 859 F.2d 1382 (9th Cir.1988), interpreted identical language in the agreement before it to extend benefits to workers other than those represented by the signatory Local. We find the Ninth Circuit's reasoning persuasive. The language of sections 5 and 6 of Article VIII of the Local 54 agreement, to which Atlas is a signatory, requires Atlas to comply with the collective bargaining agreement of the union in which territory Atlas was working, here, the Local 36 agreement. We construe the contract language as saying what it obviously means.

In Section 5, Atlas is required to follow the Local 36 agreement in St. Louis. In Section 6, Atlas employees in St. Louis are guaranteed the wages and benefits given to Local 36 sheet metal workers.

The district court's judgment is affirmed.