**DOMINO GROUP, INC., Plaintiff–Appellant,**

v.

**CHARLIE PARKER MEMORIAL FOUNDATION, Defendant– Appellee.**

No. 91–3588.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.
Decided Feb. 5, 1993.

Wiliam C. Nulton, Kansas City, MO, argued (Thomas A. Sheehan, on the brief), for plaintiff-appellant.

Michael E. Dailey, North Kansas City, MO, argued, for defendant-appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Domino Group, Inc. ("Domino"), appeals a district court order vacating a confirmed arbitration award, denying Domino alternative damage relief, and setting the case for trial. Although we otherwise agree with the district court's analysis, we conclude that it erred in vacating its prior confirmation of the award. Accordingly, we modify the district court's order and remand the case for further proceedings.

## I.

The Charlie Parker Memorial Foundation ("Foundation") owns the International Jazz Hall of Fame. On April 24, 1985, the Foundation entered into a written Production Contract with Domino relating to "International Jazz Hall of Fame induction ceremonies." Paragraph 3 of the contract provided that Domino "Agrees to produce the ceremonies, specifically on the evening of August 21, 1985." Article J of the contract's preamble provided that, "Acceptance of this contract gives [Domino] the sole option to produce the next ten (10) ceremonies."

Domino produced the 1985 awards ceremony, which was a money-losing failure. When the Foundation refused to allow Domino (or any other producer) to produce additional ceremonies, Domino filed a claim for arbitration under the arbitration clause in the contract, asking that it "be allowed to exercise [its] rights to produce the ceremonies under said contract, or to be compensated therefor." On August 15, 1986, following a hearing, the arbitrator issued a final award granting Domino's request for specific performance of the "on-going continuing and subsisting contract." The arbitrator denied Domino's alternative request for "substantial monetary damages" as moot.

The Foundation did not timely move to vacate, modify, or correct the arbitrator's award. See § 12 of the Federal Arbitration Act, 9 U.S.C. § 12. On August 11, 1987, Domino commenced this action by moving to confirm the award under § 9 of the Act. The district court initially denied Domino's motion for summary judgment because it was unable "to determine what it is the award directs the parties to do." Then, on May 15, 1989, the court granted Domino's motion to remand to the arbitrator for clarification of the award. The court explained:

The arbitrator is instructed to clarify what is meant by "Claimant's request ... for injunctive relief and specific per-

formance is granted." Namely, the arbitrator should delineate all actions which the parties are to perform "specifically," including all duties found to be arising from the contract at issue. The object and extent of injunctive relief should be similarly identified.

On April 5, 1990, Domino sent a letter to the arbitrator constituting "claimant's position on clarification of the Award." Domino attached an exhibit enumerating "Producer's Rights" under the contract and urged the arbitrator to "specifically direct the Foundation to permit Domino Group to exercise these enumerated rights." Domino also argued that "[t]he Foundation's actions make necessary a consideration of alternative relief," and urged the arbitrator to award $450,000 damages "as alternative relief." Domino justified its request for damages by submitting six pages of transcript from the original arbitration hearing that recorded a discussion between Domino's counsel and the arbitrator concerning the appropriateness of a $450,000 damage award.

On June 6, 1990, without holding a further hearing, the arbitrator issued a Clarification of Award. In a cryptic, nearly unintelligible decision, the arbitrator adopted the list of specific Producer's Rights submitted by Domino, commenting that "[c]o-operation should and ought remove any doubt as to just how to undertake performance" of the contract. The arbitrator further agreed that Domino's suggested $450,000 damage award "does provide a good basis of alternative relief." The decision concluded, "All that need be added is that these suggested and proposed courses for relief are adopted as the resolution of this arbitration."

On September 28, 1990, the district court granted Domino's uncontested motion to confirm the clarified award. The court's order directed entry of judgment in favor of Domino for specific performance, incorporating the list of Producer's Rights adopted in the Clarification of Award. The order further stated that, if the Foundation refused to permit Domino to exercise these rights, "plaintiff may seek damages."

On July 8, 1991, Domino moved the court to enter judgment for $450,000 damages "in addition to the award for specific performance." Domino submitted a short affidavit by Domino's president stating that the Foundation had continued to refuse to permit Domino to perform under the contract. In response, the district court ruled that the award of damages in the Clarification of Award was "in manifest disregard of the law and evidential record in these proceedings." The court concluded that a further remand to the arbitrator would be futile. It therefore vacated the arbitrator's award and clarification and ordered that the case be "returned to the docket of this court for trial."

This appeal followed. We have jurisdiction to review a district court order vacating an award. 9 U.S.C. § 16(a)(1)(E). On appeal, Domino argues that the district court erred in vacating the arbitrator's award and that Domino is entitled to a judgment for $450,000 damages based upon the arbitrator's Clarification of Award. The Foundation argues that the district court properly vacated the arbitrator's awards but erred in setting the case for trial. The Foundation argues that the case be referred to a new arbitration panel for "full arbitration proceedings."

## II.

We have recited the procedural history of this case in detail because in our view it is critical to a proper resolution of the issues raised on appeal. The answer to most of these issues becomes readily apparent when put in the context of the limited nature of judicial review of arbitration awards under the Federal Arbitration Act:

First, the Foundation's failure to file a motion to vacate, modify, or correct within three months of either the initial award or the Clarification of Award waived any defenses to confirmation that might be asserted in a timely motion to vacate. *See, e.g., Local Union No. 36, Sheet Metal Workers' Int'l Assn. v. Atlas Air Conditioning Co.,* 926 F.2d 770, 772 (8th Cir. 1991); *Sanders–Midwest, Inc. v. Midwest*

*Pipe Fabricators, Inc.,* 857 F.2d 1235, 1237–38 (8th Cir.1988); *Piccolo v. Dain, Kalman & Quail, Inc.,* 641 F.2d 598, 600 (8th Cir.1981). Absent a timely motion to vacate, in most cases "the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir.1984).

■ Second, when Domino filed its timely motion to confirm the arbitrator's initial award of specific performance, the district court properly remanded the case to the arbitrator for clarification of that award. "An ambiguous award should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce." *Americas Ins. Co. v. Seagull Compania Naviera,* 774 F.2d 64, 67 (2d Cir.1985). Domino sought to convert the arbitrator's award of specific performance into a court judgment, that is, an equitable decree in the nature of mandatory injunctive relief. Rule 65(d) of the Federal Rules of Civil Procedure provides that, "Every order granting an injunction ... shall be specific in terms [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." We agree with the district court that a judgment simply confirming the arbitrator's initial ambiguous award would have been inconsistent with the court's duty to fashion a specific equitable decree that fairly apprised the Foundation of its obligations.

■ Third, after the arbitrator on remand clarified his award of specific performance, the district court properly granted Domino's uncontested motion for confirmation of that award. Under § 9 of the Arbitration Act, "the court must grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *See Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986).[1] Moreover, by incorporating in its confirmation order the detailed contractual rights and obligations of Domino to be specifically performed, the district court satisfied its Rule 65(d) obligation to fashion a specific, detailed equitable decree.

■ Fourth, we agree with the district court that on remand the arbitrator exceeded his powers when he considered and purported to grant Domino's ex parte request for additional damage relief. There are two flaws in the arbitrator's action. In addressing the question of damages, he went outside the terms of the court's remand order, which instructed him to clarify the equitable relief initially awarded. On such a remand, "the arbitrator is limited in his review to the specific matter remanded for clarification and may not rehear or redetermine those matters not in question." *Paperhandlers Union No. 1 v. U.S. Trucking Corp.,* 441 F.Supp. 469, 474 (S.D.N.Y. 1977). *See also Exide Corp. v. International Union, United Automobile Workers of America,* 1990 WL 74237, 1990 U.S.Dist. LEXIS 7032 (E.D.Pa.1990).

Perhaps more importantly, by reversing his initial decision to deny damage relief, the arbitrator violated the principle that, "once an [arbitrator] renders a decision regarding the issues submitted, [he] becomes *functus officio* and lacks any power to reexamine that decision." *Colonial Penn Ins. Co. v. Omaha Indem. Co.,* 943 F.2d 327, 331 (3d Cir.1991). The reason for that doctrine—"the potential evil of outside communication and unilateral influence which might affect a new conclusion," *id.* at 332—is well illustrated in this case. The arbitrator based his new award of damages on an ex parte submission by Domino of only a portion of the initial arbitration record. Therefore, to the extent that the arbi-

---

**1.** Possible exceptions to this rule are inapplicable in this case. *See Sheet Metal Workers Local Union No. 20 v. Baylor Heating & Air Conditioning, Inc.,* 877 F.2d 547, 556 (7th Cir.1989) (refusing to confirm part of an award that was beyond the arbitrator's jurisdiction); *Professional Adm'rs, Ltd. v. Kopper–Glo Fuel, Inc.,* 819 F.2d 639, 643 (6th Cir.1987) (refusing to confirm an award that violated public policy); *Piccolo,* 641 F.2d at 601 (recognizing a possible "due diligence" exception). Here, the Foundation has consistently ignored its statutory right to challenge the arbitrator's actions, and we reject its untimely attempt to attack the specific performance award on this appeal.

trator's Clarification of Award purported to award alternative damage relief, it exceeded the arbitrator's authority and was a nullity. The district court's decision to set aside that portion of the Clarification of Award is affirmed.

 The district court erred, however, in vacating the initial arbitration award as clarified. The court had already entered its order confirming the award of specific performance. The Foundation had waived any right to have that award vacated. Therefore, while we share the district court's frustration at the inability of the parties and the arbitrator to bring this dispute to a final resolution, we cannot uphold the district court's order that the parties, in effect, start over with a trial of their original breach-of-contract claims.

 There remains the most novel issue raised by this appeal, whether the district court erred in setting this case "for trial." That order was entered in response to Domino's motion for entry of a judgment modifying the court's specific performance decree. By this motion, Domino sought to invoke the court's equitable powers to enforce its prior decree.[2] Before ruling on such a request, the court must determine whether its specific performance decree has been violated and, if so, what additional remedy or modification of the decree may be appropriate. As the court recognized in its confirmation order, if the specific performance remedy proves unworkable, the court retains the discretion to award damages as a supplemental or alternative remedy. But such relief may only be granted in the discretion of a court of equity enforcing its own decree. Therefore, it must be based upon findings that the prior decree has been breached and that an award of damages is fair and equitable in the circumstances.

For these reasons, we conclude that the district court did not abuse its discretion in setting this case "for trial." But we emphasize that the trial will not be for the purpose of relitigating either the initial arbitrated dispute or the court's September 28, 1990, confirmation order. Rather, the trial (or such other proceeding as the district court chooses to conduct) will be for the more limited purpose of determining what additional remedy or order, if any, should be entered at the foot of the court's specific performance decree.

The order of the district court is modified to reinstate the confirmed award of specific performance. As modified, the order of the district court is affirmed and the case is remanded for further proceedings consistent with this opinion.

---

2. Because it is not before us, we do not consider whether Domino could have sought arbitration claiming breach of the specifically enforced agreement. We note that issues of compliance with an arbitration award typically are not submitted to the arbitrator. *See Ottley v. Schwartz-berg,* 819 F.2d 373, 376 (2d Cir.1987). In any event, by invoking the court's equitable enforcement powers, Domino elected to pursue its judicial remedies and will be bound by the resulting judicial decision.