# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

Nos. 98-3414 and 99-1787

_____

| | | |
|---|---|---|
| Sheet Metal Workers International Association, Local Union No. 36, | * * * | |
| Appellee, | * * | Appeal from the United States District Court for the |
| v. | * * | Eastern District of Missouri. |
| Systemaire, Inc., | * * | |
| Appellant. | * * | |

_____

Submitted: December 17, 1999
Filed: March 6, 2001 (Corrected 3/20/01)

_____

Before BEAM, HEANEY, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Systemaire, Inc. appeals the district court's order granting summary judgment in favor of Sheet Metal Workers International Association, Local Union No. 36 (Local 36). In its summary judgment order, the district court upheld a decision of a Local Joint Adjustment Board ordering Systemaire to pay $10,000 (which the Board characterized as "damages") to Local 36 for violating a collective bargaining agreement

(CBA). The district court also awarded attorneys' fees of $4,562.60 to Local 36, which award Systemaire separately appeals.

# I.
# Facts and Procedural Background

Systemaire is a mechanical contractor operating in the St. Louis, Missouri, area. Local 36 is a St. Louis labor union representing sheet metal workers. Pursuant to a collective bargaining agreement with Local 36, Systemaire agreed to assign certain specified work to Local 36. Systemaire also entered into a collective bargaining agreement with another union, Pipefitters Local Union No. 562 (Pipefitters). A substantial overlap exists between Systemaire's collective bargaining agreement with Local 36 and the company's collective bargaining agreement with the Pipefitters with respect to the work reserved and to be assigned to each craft. As a result, "jurisdictional" disputes often arise between the two unions regarding Systemaire's allocation of its work between the two unions.

The collective bargaining agreement between Systemaire and Local 36 contains a provision addressing the jurisdictional dispute issue. The CBA states that "[i]f a contractor is signatory to a labor agreement with more than one union and a jurisdictional dispute arises between the crafts the contractor employs, every attempt will be made to resolve said dispute including but not limited to any local or national Jurisdictional Disputes Board which may exist. The contractors and the union agree to abide by any decisions made by any local or national Jurisdictional Disputes Board." (Appellee's App. at 15.) The CBA also contains the following language regarding grievances. Pursuant to Section 1 of Article X of the CBA, "[g]rievances of the Employer or the Union, arising out of interpretation or enforcement of this Agreement, shall be settled between the Employer directly involved and the duly authorized representative of the Union, if possible. Both parties may participate in conferences through representatives of their choice." (Appellee's Separate App. at 30.) In addition,

2

Section 2 of Article X of the CBA provides that "[g]rievances not settled as provided in Section 1 of this Article may be appealed by either party to the Local Joint Adjustment Board where the work was performed . . . Except in the case of a deadlock, a decision of a Local Joint Adjustment Board shall be final and binding." (Id.)

As a means of resolving jurisdictional disputes, Local 36, the Pipefitters, the Mechanical Contractors Association of St. Louis (MCA), and the Sheet Metal and Air Conditioning Contractors National Association, St. Louis Chapter (SMACNA) established a local joint jurisdictional committee. On February 25, 1995, the committee met to adjudicate a jurisdictional dispute between Local 36 and the Pipefitters. After a hearing, the committee awarded the disputed project to the Pipefitters. One week later, Local 36 announced that it would no longer recognize the local committee or abide by its decisions. There is no evidence in the record that discloses the existence of a "national jurisdictional disputes board."

Some of the affected contractors (including Systemaire) opted to adjudicate the jurisdictional disputes through the National Labor Relations Board (NLRB) pursuant to the procedure outlined in § 10(k) of the National Labor Relations Act (NLRA). See 29 U.S.C. § 160(k). Consequently, from May 1995 to May 1996, the NLRB heard several cases involving jurisdictional disputes between Local 36 and the Pipefitters. In each case, the NLRB decided the dispute in favor of the Pipefitters. The NLRB, however, refused to issue an "area-wide" ruling governing all future disputes between the two unions. Rather, the NLRB limited relief "to the particular controversy that gave rise to these proceedings." Pipefitters Local Union No. 562 (Systemaire), 320 NLRB 124, 130 (1995).

In April 1996, another jurisdictional dispute arose between Local 36 and the Pipefitters. The Pipefitters threatened to strike if Systemaire refused to award them a material handling pipe installation project for Sunline Brands. Faced with competing claims to the work, Systemaire concluded that the pipe installation work involved in the Sunline project mirrored the type of work that the NLRB had previously awarded to

the Pipefitters and awarded the Sunline project to the Pipefitters. (Appellant's App. at 69.)

Local 36 then filed its grievance concerning the assignment of the Sunline work pursuant to the grievance article of its CBA with Systemaire. The grievance came before the Local Joint Adjustment Board (LJAB) as provided for in the CBA. The Pipefitters hold no seats on the LJAB. Rather than appear in person before the LJAB, Systemaire sent two letters. In the first letter (Appellant's App. at 116), Systemaire asserted that the issues were not grievable because they were jurisdictional disputes between the two unions, and that based on the NLRB's ruling in a previous case involving similar work performed by Systemaire, the Sunline work had been correctly assigned by Systemaire to its pipe fitter represented employees. In the second letter, which was sent a few days before the LJAB's scheduled hearing on the grievance, Systemaire again asserted that the dispute was a jurisdictional one which it intended to pursue before the NLRB, but it also submitted its arguments on the merits of the grievance ("In the event the Local Joint Adjustment Board chooses to discuss these grievances in our absence. . .") asserting that the work allocation it had made to the Pipefitters on the Sunline project was in accord with the "past area practice." The LJAB proceeded to hold its hearing on the grievance on January 30, 1997. Local 36 appeared in person and presented its case; Systemaire did not. On February 6, 1997, the LJAB issued its decision and unanimously found that Systemaire had improperly awarded the Sunline project to the Pipefitters and levied the $10,000 damage assessment against Systemaire. The LJAB's written decision is silent with respect to Systemaire's contention that the issue was not grievable.

Systemaire filed unfair labor practices charges against both Local 36 and the Pipefitters before the NLRB. Systemaire renewed its argument that the project in dispute was factually identical to projects previously awarded to the Pipefitters. The NLRB, however, declined to hold a hearing on this matter. The NLRB concluded that the past assignments could not serve as a basis for attacking the LJAB's decision on the

4

individual grievance because the NLRB had declined to issue an area-wide decision. Consequently, the NLRB declined to issue complaints on Systemaire's unfair labor practices charges.

Approximately seven months after the LJAB's decision, Local 36 filed this action in federal district court to enforce the LJAB's award. See 29 U.S.C. § 185. Systemaire answered and filed a counterclaim asking the district court to vacate the award. Local 36 then filed a motion for summary judgment and Systemaire responded by raising several defenses. Most notably, Systemaire argued that the award did not draw its essence from the collective bargaining agreement. Without addressing the merits of Systemaire's CBA argument, the district court granted summary judgment in favor of Local 36 for statute of limitations reasons. Systemaire appeals.

## II.
### Discussion

In granting summary judgment in favor of Local 36, the district court concluded that Systemaire's defenses were time barred because the company did not raise them in a timely action to vacate the award. We review the district court's summary judgment determinations de novo. See Amir v. St. Louis Univ., 184 F.3d 1017, 1024 (8th Cir. 1999).

A party seeking to challenge the validity of an arbitration award generally must file a timely motion to vacate that award. See Domino Group, Inc. v. Charlie Parker Mem'l Found., 985 F.2d 417, 419-20 (8th Cir. 1993). The failure to file a timely motion to vacate an award also typically bars a party from later raising any defenses to the confirmation of the award that could have been raised in the vacation motion. See id. at 419. Although § 301(a) of the Labor Management Relations Act (LMRA) contains no statute of limitations regarding the filing of a vacation motion, see 29 U.S.C. § 185(a), we have held that a "district court must borrow a statute of limitations

5

from state law most analogous to the dispute." Local 2, Int'l Bhd. of Elec. Workers v. Anderson Underground Constr., Inc., 907 F.2d 74, 75 (8th Cir. 1990) (citations omitted). In this case, the most analogous state law is the Missouri Uniform Arbitration Act, which mandates that a motion to vacate an arbitration award be filed within 90 days after delivery of a copy of the award to the moving party. See Mo. Rev. Stat. § 435.405(2).

It is undisputed that Systemaire received a copy of the LJAB's decision and did not file a motion to vacate the arbitration award within 90 days thereafter. In fact, it has never filed an action to vacate the award. Hence, we must consider whether such a failure precludes the district court from considering Systemaire's defense that the arbitration award did not draw its essence from the collective bargaining agreement.

This case is controlled by Local Union No. 36 v. Atlas Air Conditioning Co., 926 F.2d 770 (8th Cir. 1991) (Atlas Air). As in Atlas Air, Systemaire had at least three alternatives available to it. First, it could have objected to the LJAB's authority to decide the grievance, refused to argue the grievability issue before the LJAB and proceeded to the merits of the grievance. While it did object that the issue was not grievable, it argued the grievability issue in its written submissions, and then addressed the merits in the event it lost the grievability argument. We note that Systemaire never asserted that the local joint jurisdictional committee (which Local 36 had repudiated) was the proper panel to hear the dispute, as opposed to the LJAB. In essence, Systemaire submitted the issue of the grievability of the work allocation issue to the LJAB, and given the fact that the LJAB decided the grievance on its merits, we assume that it determined that the work allocation was grievable under the CBA. Systemaire did not reserve the grievability issue on the record but acquiesced in the LJAB's consideration of that threshold issue. Systemaire asserts that in all prior cases, the LJAB had deadlocked over this same inter-union jurisdictional issue when it was raised in grievance proceedings and then waited for the NLRB to rule on the companion unfair labor practice charges. Systemaire expected the LJAB to follow the same procedure

6

with this case, but the LJAB did not do so. Instead, the sheet metal contractor members of the LJAB voted with the Union members of the LJAB against Systemaire.

Secondly, Systemaire could have sought declaratory or injunctive relief prior to the commencement of the arbitration, but it did not do so. Finally, Systemaire could have informed the LJAB that it refused to arbitrate altogether, but it did not do that either.

As in Atlas, Systemaire "could not sit back with impunity until faced with a motion for summary judgment in federal district court." Id. at 772. In order to preserve its defenses, Systemaire "should have notified the [LJAB] of its refusal to arbitrate or brought an action to vacate the award. . ." Id. An employer may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate. Id. (citing cases).

Because Systemaire failed to preserve its defense, it was required to file a motion to vacate within the 90-day period. The district court correctly imposed the time bar, and its judgment should be affirmed.

To the extent that Systemaire argues that the award is unenforceable on public policy grounds, and that such a reason provides an exception to the statute of limitations, we reject the argument for the reasons expressed by the district court in its opinion.

With respect to the award of attorneys' fees, we conclude that the district court was the proper forum for their determination, and after review, we conclude the award should be affirmed.

Accordingly, the judgments of the district court are affirmed.

7

BEAM, Circuit Judge, dissenting.

According to the probably whimsical comment of publisher Clare Boothe Luce, "no good deed goes unpunished." The court's opinion seems to prove the point, at least when an employer is unlucky enough to come under the jurisdiction of the National Labor Relations Board (NLRB) as it is presently constituted and staffed.[1] Believing that this should not be true, I respectfully dissent.

I adopt the court's statement of the issues and its statement of the facts and procedural background. I write additionally only to emphasize that Systemaire and fellow contractors, caught in a squeeze resulting from continuous bickering over jurisdictional matters between Sheet Metal Local 36 (Local 36) and Pipefitters Local 562 (Pipefitters), made every effort to equitably resolve the numerous quarrels over work to be done. Systemaire helped create and agreed to abide by the decisions of a local joint jurisdictional committee. Both unions were represented on this committee.

Local 36, after losing one argument, refused to participate further. Systemaire then took the problem directly to the NLRB who refused, unreasonably in my view, to

---

[1]"It is the Board's function to strike a balance among 'conflicting legitimate interests' which will 'effectuate national labor policy,' including those who support *versus* those who oppose the union." NLRB v. Magnavox Co., 415 U.S. 322, 326 (1974) (quoting NLRB v. Truck Drivers Union, 353 U.S. 87, 96 (1957)). "Congress made [the NLRB] an agency **not** as a labor board–created to aid labor in its struggle against the employer. As shown by its name, Congress created it to be a board concerned with the administration of 'labor relations' in which the rights of the employer are to be as jealously guarded as those of the employee." Leonard v. NLRB, 205 F.2d 355, 357 (9th Cir. 1953) (emphasis supplied).

issue an "area-wide" ruling to solve the difficulty. This resulted in the wasteful and obviously frustrating need for Systematize and other affected contractors to march back and forth to the NLRB with each similar dispute. Then, when Local 36 instigated a grievance before another local tribunal, stacked in its favor because the Pipefitters were not represented on this particular local board, the NLRB, standing on procedural technicalities and murky legal reasoning, refused to hear Systemaire's complaint and set aside the $10,000 assessment against the beleaguered employer imposed by the unrepresentative LJAB. The district court placed its stamp of approval on this result. The court now validates this unfortunate mistake.

Even applying the arcane procedural and substantive requirements of the NLRB, Systemaire should still prevail.

In granting summary judgment in favor of Local 36, the district court concluded that Systemaire's defenses were barred because the company did not raise them in a timely action to vacate the award. We review the district court's summary judgment determinations de novo. Amir v. St. Louis Univ., 184 F.3d 1017, 1024 (8th Cir. 1999).

I agree that a party seeking to challenge the validity of an arbitration award generally must file a timely motion to vacate that award. Domino Group, Inc. v. Charlie Parker Mem'l Found., 985 F.2d 417, 419-20 (8th Cir. 1993). The failure to file a timely motion to vacate an award also typically bars a party from later raising any defenses to the confirmation of the award that could have been raised in the vacation motion. Id. at 419. Although section 301(a) of the Labor Management Relations Act (LMRA) contains no statute of limitations regarding the filing of a vacation motion, 29 U.S.C. § 185(a), we have held that a "district court must borrow a statute of limitations from state law most analogous to the dispute." Local 2, Int'l Bhd. of Elec. Workers v. Anderson Underground Constr., Inc., 907 F.2d 74, 75 (8th Cir. 1990). In this case, the most analogous state law is the Missouri Uniform Arbitration Act, which mandates that

a motion to vacate an arbitration award be filed within ninety days after delivery of a copy of the award to the moving party. Mo. Rev. Stat. § 435.405(2).

It is undisputed that Systemaire received a copy of the LJAB's decision and did not file a motion to vacate the arbitration award within ninety days thereafter. In fact, it has never filed an action to vacate the award. Because of this, I also agree that we must consider whether such a failure precludes the district court from considering Systemaire's defense that the arbitration award did not draw its essence from the collective bargaining agreement.

Local 36 contends that this case is controlled by our prior decision in Local Union No. 36, Sheet Metal Workers Int'l Ass'n v. Atlas Air Conditioning Co., 926 F.2d 770 (8th Cir. 1991). In Atlas Air, our court held that when an employer is faced with an unresolved grievance over which a grievance arbitration board has assumed jurisdiction, with which assumption of jurisdiction the employer disagrees, upon notice, the employer has three alternatives. Id. at 771. The employer can seek declaratory or injunctive relief from a court of competent jurisdiction prior to the commencement of the arbitration itself, asserting the lack of grievability of the issue presented. Id. at 772. Systematize did not do so in this case. The employer can notify the arbitration board that it refuses to arbitrate altogether (and contest the grievability of the issue when the other party brings an action to compel arbitration). Id. Systemaire did not do so in this case. Finally, the employer can object to the arbitration board's authority, refuse to argue the grievability issue before the Board, and proceed to the merits of the grievance. Id. at 771. "By making an objection as to jurisdiction and an express reservation of the question on the record [the employer will] not [lose] its defense." Id. at 771-72.

Systemaire's two letters to the LJAB, while not drawn with scalpel-like precision, did firmly assert that the work allocation issue was not grievable. In its first letter, dated September 16, 1996, Systemaire said, "Please be advised that we do not

feel the issues here are grievable; rather they are jurisdictional disputes between Sheet Metal Workers Local 36 and Pipefitters Local 562." (Appellant's App. at 116.) Systemaire also indicated that it was prepared to take the jurisdictional issue to the NLRB as it had done in previous cases where the NLRB had ruled against the Sheet Metal Workers. In the second letter, Systemaire told the LJAB that the grievance was the result of a jurisdictional dispute between Local 36 and the Pipefitters and "[a]s such, we do not feel that these issues are relevant to hearings by the [LJAB]. Instead, we will once again address these grievances through the National Labor Relations Board." (Appellant's App. at 117.) The second letter goes on, however, to argue the merits of the Sunline project grievance and closes with a request that the Board's ruling be in Systemaire's favor. The question for us to answer is whether Systemaire's letters constitute an objection to the Board's jurisdiction, and a sufficient "reservation of the question on the record," so that it did not lose its now asserted defense of nongrievability when it failed to file a motion to vacate the award.

I conclude that Systemaire sufficiently reserved the issue of the grievability of the dispute between it and Local 36 over the allocation of the work on the Sunline project such that Systemaire can assert it now as part of its defense that the award does not draw its essence from the CBA, even though it did not file a motion to vacate the award within the ninety-day period. Systemaire objected to the LJAB's power to arbitrate what Systemaire considered to be a nongrievable issue, did not submit the grievability of the work allocation issue to the local board, and made clear that it believed the NLRB was the proper place to determine the dispute. Unlike the employer in Atlas Air, Systemaire has not waived or forfeited its defense.

Accordingly, I would reverse the judgment of the district court and remand this case for further proceedings not inconsistent with my views. I would decline the parties' invitation to determine in this appeal whether or not the work assignment issue was grievable pursuant to the CBA between the parties. That question is best decided in the first instance by the district court.

11

Because Local 36 would no longer be the prevailing party, I would also vacate the district court's award of attorneys' fees.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT