_____

No. 95-1519
_____

International Brotherhood of          *
Teamsters, Chauffeurs,                *
Warehousemen, and Helpers of          *
America, Local 245,                   *
                                      *
          Appellee,                   *
                                      *  Appeal from the United States
     v.                               *  District Court for the
                                      *  Western District of Missouri.
Kansas City Piggy Back,               *         [PUBLISHED]
doing business as                     *
Terminal Consolidation                *
Company,                              *
                                      *
          Appellant.                  *

_____

          Submitted:  December 15, 1995

             Filed:  July 9, 1996
_____

Before FAGG, GARTH,* and WOLLMAN, Circuit Judges.
_____

PER CURIAM.

     Kansas City Piggy Back, doing business as Terminal Consolidation Company (Terminal), appeals the district court's[1] adverse grant of summary judgment to International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 245 (Union).  We affirm.

     Terminal operates an office in Springfield, Missouri.  Union and Terminal entered into a collective bargaining agreement for the

_____

     *The HONORABLE LEONARD I. GARTH, United States Circuit Judge for the Third Circuit, sitting by designation.

     [1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

period from October 15, 1991, through October 14, 1994, covering Union's members in the Springfield area. The collective bargaining agreement included a provision stating that "all discrepancies between the parties" would be submitted to a six-member Labor Relations Committee (Committee), whose decision "will be followed by both parties."

Following the filing of a grievance by Union on July 26, 1993, and by a member on October 14, 1993, the Committee issued decisions in favor of Union on December 3, 1993, and on February 10, 1994.

On June 22, 1994, Union filed a complaint seeking confirmation of the Committee's arbitration awards. It is from the district court's grant of summary judgment in favor of Union that Terminal now appeals.

Although Terminal has raised several issues on appeal, we conclude that only one merits discussion, namely, Terminal's contention that Union's action to confirm the Committee's December 3, 1993, award is barred by the six-month limitation period contained in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). The district court rejected this contention, holding that the Missouri five-year contract-law statute of limitations set forth in Mo. Rev. Stat. § 516.120 (1993), applied to Union's complaint.

We agree with the district court's analysis. Union's complaint for confirmation of the Committee's decisions was filed pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. In International Union, United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696 (1966), the Supreme Court held that because no provision of federal law governs the issue, the timeliness of a Section 301 suit brought by a union to enforce the provision of a labor agreement is to be determined by applying the appropriate state statute of limitations. Id. at 705-06. The

Court left open the question whether Section 301 suits alleging causes of action other than breach of contract might be subject to a different limitations period. Id. at 705 n.7. Thus, in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Court held that the six-month limitations period contained in Section 10(b) of the Labor Management Relations Act governed an employee's suit against his employer and his union. Whatever impact DelCostello may have on Section 301 actions based upon causes of action different from the one alleged by Union in the present case, we hold that an action to enforce an arbitration award entered pursuant to an arbitration clause in a collective bargaining agreement is governed by the appropriate state statute of limitations, in this case Mo. Rev. Stat. § 516.120 (1993). See Service Employees Int'l Union Local 36 v. City Cleaning Co., Inc., 982 F.2d 89 (3d Cir. 1992); Plumbers' Pension Fund v. Domas Mechanical Contractors, Inc., 778 F.2d 1266 (7th Cir. 1985); Derwin v. General Dynamics Corp., 719 F.2d 484 (1st Cir. 1983); International Union of Elec., Radio and Mach. Workers v. Ingram Mfg. Co., 715 F.2d 886 (5th Cir. 1983), cert. denied, 466 U.S. 928 (1984).

With respect to the remainder of Terminal's contentions, we affirm on the basis of the district court's opinion. See 8th Cir. Rule 47B.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.