LOCAL UNION NO. 38, SHEET MET-
AL WORKERS' INTERNATIONAL
ASSOCIATION, AFL–CIO, Plaintiff–
Appellee,

v.

CUSTOM AIR SYSTEMS, INC.,
Quality Air Systems, Inc.
Defendants–Appellants.

Docket No. 03–7105.

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 2003.

Decided Feb. 3, 2004.

Lance H. Klein, Keane & Beane, White
Plains, NY, for Appellants.

Jeffrey S. Dubin, Huntington, NY, for Appellee.

Before: WALKER, Chief Judge,
LEVAL and CABRANES, Circuit Judges.

PER CURIAM.

Appellants, Custom Air Systems, Inc., and Quality Air Systems, Inc., (collectively, "appellants") appeal from the order of the United States district court for the Southern District of New York (Charles L. Brieant, *District Judge*) granting plaintiff-appellee, Local Union No. 38's ("Local 38") motion confirming a binding arbitral award pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (the "LMRA") and denying appellants' motion for summary judgment, attacking the award as time-barred and lacking in merit. The district court also granted Local 38's cross motion for summary judgment.

On November 21, 2001, Local 38 filed a demand for arbitration against appellants for violation of a collective bargaining agreement ("CBA"). On January 8, 2002, the arbitrator confirmed the award against Custom, finding Custom, a non-party to the CBA between Quality and Local 38, bound to the CBA because Custom and Quality, the CBA signatory, are alter-egos or joint-employers. Despite receiving notice of the arbitration and subsequent arbitral award, neither appellant attended the arbitration nor made a motion to vacate the award within ninety days as required by N.Y. C.P.L.R. § 7511(a) (2003).

The district court confirmed the award without addressing Custom and Quality's objections, reasoning that both appellants were time-barred from attacking the arbitral award because they had waited more than ninety days from the date of the award.

On appeal, appellants argue that our decision in *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel,* barring a party who failed to timely move to vacate an award from raising affirmative defenses to the arbitration enforcement proceeding, cannot be extended to bar Custom, a non-signatory to the CBA despite the arbitrator's finding that Custom was an alter ego of Quality. 145 F.3d 85 (2d Cir.1998). At oral argument, Local 38 conceded the existence of genuine factual issues as to whether Custom is the alter ego of Quality.

## DISCUSSION

■ When reviewing a district court's confirmation of an arbitral award, we review legal issues *de novo* and findings of fact for clear error. *Pike v. Freeman,* 266 F.3d 78, 86 (2d Cir.2001).

■ In *Parker Meridien,* 145 F.3d at 89, we held that grounds for vacating an arbitration award under § 12 of the Federal Arbitration Act may not be raised as an affirmative defense after the period of ninety days as provided in N.Y. C.P.L.R. § 7511(a) has lapsed. Local 38 argues that *Parker Meridien* is dispositive as to appellees' claims. Thus, the issue presented in this case is whether a non-signatory to a CBA under the LMRA as to whom the award has been rendered on the theory that it is an alter ego of a signer which fails to move to vacate an arbitral award within ninety days under N.Y. C.P.L.R. § 7511(a) is barred from later challenging the confirmation of the arbitral award.

With respect to Quality, who signed the CBA, *Parker Meridien* clearly applies and Quality is time-barred from challenging the arbitral award.

■ However, Custom presents a novel issue: whether under *Parker Meridien,* an arbitral award can be confirmed against a non-signatory absent a threshold finding that the non-signatory was indeed an alter

ego of a party to the arbitration agreement. Ordinarily, binding a non-signatory to a CBA runs afoul of the fundamental premise that "a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *United Steelworkers of Am. v. Warrior & Gulf Navigator Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). *See also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

Indeed, we have observed that "absent an agreement to arbitrate, [we] have recognized only limited theories upon which [we are] willing to enforce an arbitration agreement against a non-signatory." *Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir.2003) (per curiam) (citation omitted) (holding that a non-signatory was not bound by an arbitral award where the plaintiff failed to adduce facts that would support an alter ego theory or any other theory on which a non-signatory can be forced to arbitrate). *Cf. Choctaw Generation Ltd. P'ship v. Am. Home Assur. Co.*, 271 F.3d 403, 406–08 (2d Cir.2001) (holding that a non-signatory to a contract containing an arbitration clause can compel a signatory to arbitrate where the non-signatory's claims are integrally related to the contract). This premise is subject to several exceptions under which "a willing signatory (such as [Local 38]) seeking to arbitrate with a non-signatory that is unwilling (such as [Custom]) must establish at least one of the five theories described in [*Thomson–CSF:* ]," *id.* at 131, "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Optibase*, 337 F.3d at 129, quoting *Thomson–CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir.1995).

■ This case turns on the theory of alter ego, a doctrine that "provides an analytical hook to bind a non-signatory to a collective bargaining agreement." *Truck Drivers Local Union No. 807, I.B.T. v. Regional Imp. & Exp. Trucking Co.*, 944 F.2d 1037, 1046 (2d Cir.1991). A district court's independent determination of alter ego signifies that, for all relevant purposes, the non-signatory is legally equivalent to the signatory and is itself a party to the CBA. *See id., Southport Petroleum Co. v. NLRB*, 315 U.S. 100, 106, 62 S.Ct. 452, 86 L.Ed. 718 (1942); *Goodman Piping Prods., Inc. v. Nat'l Labor Relations Bd.*, 741 F.2d 10, 11 (2d Cir.1984) (per curiam). Only where this threshold determination has been made would a non-signatory be bound by an arbitral award and time-barred after expiration of the ninety day period from challenging the confirmation of the award. However, where the plaintiff is unable to make a threshold showing that the non-signatory was bound to arbitrate under one of the five theories, the non-signatory is considered a non-party to the CBA and the case against it must be dismissed. In such a situation the statute of limitations issue is not even reached.

■ Whether Custom is an alter ego determines arbitrability as to Custom and arbitrability vis a vis a non-signatory is for the district court to decide. *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (stating that the question whether the parties have agreed to submit a particular dispute to arbitration is "undeniably an issue for judicial determination."). In the instant case, the district court never made an independent finding of alter ego. In addition, Local 38 conceded the existence of issues of material fact as to Custom's alter ego status. Accordingly, we remand for the district court to determine whether Custom was the alter ego of Quality and thus bound by the arbitration agreement.

## CONCLUSION

For the foregoing reasons, we vacate and remand for further proceedings consistent with this opinion.