# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1583

_____

| | | |
|---|---|---|
| International Association of Bridge, Structural, Ornamental, and Reinforcing Ironworkers, Shopman's Local 493, | * * * * * | |
| Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | Southern District of Iowa. |
| EFCO Corporation and Construction Products, Inc., | * * * * | |
| Appellee. | * | |

_____

Submitted: October 24, 2003

Filed: March 1, 2004

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In this suit to compel arbitration, we must decide whether a court or an arbitrator should decide the import of one party's failure to adhere to the procedural steps that were set forth in the parties' collective bargaining agreement as prerequisites to arbitration. The District Court determined that this was a matter for the court to decide. We reverse.

The International Association of Bridge, Structural, Ornamental, and Reinforcing Ironworkers, Shopman's Local 493 (Union) filed suit under the Labor Management Relations Act against appellees EFCO Corporation and Construction Products, Inc. (collectively, CPI), to compel arbitration of a grievance that arose following the dismissal of a Union employee. See 29 U.S.C. § 185(a) (2000). In the District Court, as here, CPI maintained that the matter was not arbitrable because the Union failed to follow the procedural prerequisites set forth in the collective bargaining agreement's grievance and arbitration clauses. Specifically, CPI argued that the Union's demand to invoke arbitration was neither timely nor made in writing. For its part, the Union maintained that its oral demand for arbitration was timely and that CPI had waived the requirement that the demand be in writing by its past practice of accepting oral notification.

On cross-motions for summary judgment, the District Court agreed with CPI and ruled that the Union's failure to give timely written notice of its intent to arbitrate the grievance was an issue of substantive arbitrability that was for the court to decide. Based on this conclusion, the District Court granted summary judgment in favor of CPI. We review a district court's grant of summary judgment de novo. Gen. Trading Int'l, Inc. v. Wal-Mart Stores, Inc., 320 F.3d 831, 835 (8th Cir. 2003). Because a party's failure to comply with the procedural prerequisites for arbitration is a matter of procedural, and not substantive, arbitrability, we reverse the judgment of the District Court.

The Supreme Court has explained that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). The Court has also explained that there are two gateway questions of "arbitrability" for courts to decide. Thus, whether the parties have a valid arbitration agreement that binds them is a question for judicial determination.

First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943–46 (1995). Likewise, any question as to whether a valid arbitration agreement applies to the subject matter at hand is a question for a court to answer. AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 651–52 (1986). In contrast to these substantive arbitrability questions, the Court has held that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (quoting John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964)) (internal quotations omitted). Procedural arbitrability issues, as these questions are termed, include "'allegation[s] of waiver, delay, or a like defense to arbitrability.'" Id. (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983); see also Auto., Petroleum & Allied Indus. Employees Union, Local No. 618 v. Town & Country Ford, Inc., 709 F.2d 509, 514 (8th Cir. 1983) ("We hold that the issue of whether the Union's alleged failure to satisfy the notice requirement barred arbitration is one of procedural arbitrability."). In Howsam, the Court noted that its decision in John Wiley & Sons, stood for the proposition that arbitrators should decide whether the procedural prerequisites for arbitration had been met. 537 U.S. at 85–86. Thus, the Court concluded that Dean Witter Reynolds's claim that its client failed to comply with the relevant six-year time limit for submitting claims for arbitration was for the arbitrator to decide.

This case is governed by Howsam, its predecessors, and the law of this Circuit. See, e.g., Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 748–49 (8th Cir.) (noting that failure to comply with pre-arbitration steps in grievance procedure was an issue of procedural arbitrability for arbitrator, not court, to decide), cert. denied, 476 U.S. 1141 (1986). CPI urges, and the District Court agreed, that the timeliness-of-notice question was one of substantive arbitrability. As it did in the District Court, CPI argues that the present collective bargaining agreement does not contain a broad arbitration clause that covers "any disputes"; rather, this arbitration clause provides specific procedural requirements that must be complied with in order for a matter to

be submitted to arbitration. These procedural steps, CPI contends, amount to a substantive limitation on the matters that may be submitted for arbitration. The District Court agreed with CPI's assessment of the arbitration provision and found in its favor. See Order on Cross-Motions for Sumary Judgment at 9 (Feb. 5, 2003). We disagree.

In this collective bargaining agreement, the parties agreed to a grievance system that requires the aggrieved party to follow certain steps when a dispute arises. These procedural steps do not limit the subject matter that may be submitted to arbitration and the collective bargaining agreement itself makes it clear that "[a]ny grievance or dispute . . . that has been processed in accordance with the provisions of the [grievance procedure], but not satisfactorily settled" can be submitted for arbitration. Agreement between Int'l. Ass'n of Bridge, Structural, Ornamental, and Reinforcing Ironworkers, Shopmen's Local # 493 and EFCO Corp. and/or Construction Prods., Inc. (1998–2000) at Section 20(A). Thus, it is clear that any dispute that has gone through the grievance procedure may be brought before an arbitrator by a dissatisfied party, if the proper steps are followed. Further, it is clear that a grievance concerning a Union member's dismissal is covered by the agreement. Notwithstanding this clarity, CPI attempts to avoid the fact that the issue at hand is a procedural one for the arbitrator by arguing that the "substantive issue" involved is "the timeliness of the Union's notice of its intent to arbitrate the underlying grievance." Brief of Appellee at 5. This is to no avail: the question of whether the procedural prerequisites have been complied with or, as the Union alleges, waived because of CPI's prior practice is a matter for the arbitrator and not for the court. Accordingly, the District Court erred when it granted summary judgment in favor of CPI.

For the foregoing reasons, the decision of the District Court is reversed and the case is remanded with instructions to enter judgment compelling arbitration.

_____