# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3132

_____

|  |  |  |
|---|---|---|
| Bakery, Confectionery, Tobacco Workers and Grain Millers, Local 100G, | * * * * | |
| Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | Northern District of Iowa. [UNPUBLISHED] |
| Penford Products Company, | * * | |
| Appellee. | * | |

_____

Submitted: April 13, 2004
Filed: August 16, 2004

_____

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Local 100G of the Bakery, Confectionary, Tobacco Workers and Grain Millers Union (Union) appeals from the district court's[1] grant of summary judgment in favor of Penford Products Co. (Penford). The Union argues that its Collective Bargaining Agreement (CBA) with Penford requires arbitration of a grievance filed on behalf of a member whom Penford refused to allow to return to work after she resigned and,

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

some two months later, claimed that her resignation was an episode of irrational behavior caused by an unspecified illness. Upon de novo review, we agree with the district court's resolution. See Int'l Ass'n of Bridge, Structural, Ornamental and Reinforcing Ironworkers v. EFCO Corp., 359 F.3d 954, 955 (8th Cir. 2004) (standard of review).

The district court appropriately concluded that the grievance does not present an arbitrable dispute. The CBA provides for arbitration of any matter which "relates to the interpretation or application of the provisions of [the CBA]." Although the Union mentioned "loss of seniority" under the CBA in its grievance, loss of seniority is entirely collateral to the Union's principal argument – that a Union member may rescind her resignation because she tendered it while unable to make a "voluntary and competent decision" to resign. This argument rests on the assertion that employee competence is a general contractual prerequisite to Penford's valid acceptance of employee resignations; it does not plausibly involve interpretation or application of the provisions of the CBA. Cf. Marathon Ashland Petroleum, LLC. v. Int'l Bhd. of Teamsters, 300 F.3d 945, 949-50 (8th Cir. 2002) (noting that the presumption in favor of arbitration does not apply to matters "which go beyond the interpretation and application of contract terms." (citation omitted)). We are satisfied that Penford never intended to arbitrate such a claim. Id. at 949.

We affirm on the basis of the district court's opinion. See 8th Cir. R. 47B.

_____