# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1881

———————

International Brotherhood of       *
Electrical Workers, Local Union    *
No. 124,       *
      *
      Appellee,       *
      *    Appeal from the United States
      v.       *    District Court for the
      *    Western District of Missouri.
Smart Cabling Solutions, Inc.,       *
      *
      Appellant.       *

———————

Submitted: November 15, 2006
Filed: February 1, 2007

———————

Before RILEY, HANSEN, and SMITH, Circuit Judges.

———————

SMITH, Circuit Judge.

Smart Cabling Solutions, Inc., ("Smart Cabling") appeals from the district court's[1] order granting summary judgment to the International Brotherhood of Electrical Workers, Local Union No. 124 ("the Union"). We affirm.

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

## I. *Background*

Smart Cabling and the Union entered into a collective bargaining agreement, which provided in part that any disputes preventing the renewal of the collective bargaining agreement would be decided by binding arbitration.[2] Three months before the expiration of the agreement, Smart Cabling notified the Union that it intended to withdraw from the entire agreement upon its expiration. Despite negotiations in two meetings, the parties failed to renew the agreement before its expiration.

Pursuant to the binding arbitration clause, the Union submitted the unresolved issues of renewal to the Council of Industrial Relations ("CIR"), the arbitrator named in the agreement. Union representatives attended the CIR hearings, but Smart Cabling, although aware of the proceedings, elected not to participate. The CIR issued a decision renewing the original collective-bargaining agreement and directing the parties to execute the renewed agreement. Smart Cabling refused to recognize the CIR's decision.

The Union brought suit, pursuant to § 301 of the Labor-Management Relations Act, seeking judicial enforcement of the CIR decision. In response to the suit, Smart Cabling did not challenge the substance of the arbitrator's decision but contended that (1) by withdrawing from the entire collective bargaining agreement, Smart Cabling also withdrew from the binding arbitration clause and (2) the CIR lacked jurisdiction to resolve the dispute.

The district court granted the Union's motion for summary judgment, determining: (1) the obligation to arbitrate survived Smart Cabling's termination of the

---

[2]Section1.02(d) of the Collective Bargaining Agreement states, "Unresolved issues or disputes arising out of the failure to negotiate a renewal or modification of this Agreement . . . may be submitted jointly or unilaterally to the Council [of Industrial Relations] for adjudication. . . . The Council decisions shall be final and binding."

agreement and (2) Smart Cabling's jurisdictional arguments were procedural in nature and should have been made before the arbitrator. Smart Cabling appeals.

## II. *Discussion*

We recognize three challenges to an arbitrator's authority: jurisdictional challenges of a procedural nature, jurisdictional challenges of a substantive nature, and challenges that relate to the merits of the arbitrators' decision. *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp*, 380 F.3d 1084, 1098 (8th Cir. 2004). Jurisdictional challenges of a substantive nature are for judicial resolution whereas jurisdictional challenges of a procedural nature are appropriate for submission to the arbitrators. *Id.*

We review de novo a summary judgement order based upon an arbitration-jurisdictional determination. *Int'l Ass'n of Bridge, Structural, Ornamental, and Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Constr. Prods., Inc.*, 359 F.3d 954, 955 (8th Cir. 2004). "Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Nat'l Am. Ins. Co. v. W & G, Inc.*, 439 F.3d 943, 945 (8th Cir. 2006) (internal citations omitted).

## A. *Binding Arbitration Clause*

Smart Cabling argues that by terminating the collective bargaining agreement, it also terminated the arbitration clause. Whether the parties have a valid arbitration agreement that binds them is substantive and therefore a question for judicial determination. *EFCO Corp.,* 359 F.3d at 956; *Hope*, 380 F.3d at 1098.

We decided in *Hope* that "interest arbitration clauses may survive termination, and employers and eligible workers may be subject to the imposition of at least one undesired 'successor' agreement through interest arbitration." *Hope*, 380 F.3d at 1089 n.3. *See also Local Union 257 v. Sebastian Elec.*, 121 F.3d 1180, 1185 (8th Cir.

1997) (finding that an interest arbitration clause survived the illegal termination of the collective bargaining agreement). We, however, also expressed a concern about "the perpetuation of such agreements and the unwanted imposition of multiple generations of successor agreements." *Hope*, 380 F.3d at 1089 n.3. In such a case, we held, this court may invalidate an arbitration provision after one of the parties has terminated the master agreement.

The present case does not raise the concern expressed in *Hope*. The renewed agreement imposed by the CIR was not the progeny of multiple successor agreements. In fact, the CIR's renewed agreement was the first and only agreement imposed by an arbitrator pursuant to the binding arbitration clause. When viewed in the light most favorable to Smart Cabling, the record shows that the interest arbitration clause was binding and enforceable against Smart Cabling.

## B. *Jurisdiction Claims*

Smart Cabling argues the CIR lacked jurisdiction to arbitrate because (1) Smart Cabling properly invoked a waiver defense; (2) the Union did not timely file its submission to the CIR; (3) the Union did not provide timely notice of its intent to seek arbitration; and (4) the meetings between the parties were not "bona fide" negotiations, and, therefore, a condition precedent for arbitration was not satisfied.

Each of these arguments fails. Existing precedent addresses and resolves each question raised. Smart Cabling's waiver issue was decided in *EFCO Corp.,* 359 F.3d at 956 ("Procedural arbitrability issues, as these questions are termed, include allegation[s] of waiver, delay, or a like defense to arbitrability.") (internal quotations omitted). Its notice and timeliness issues were decided in *Auto. Petroleum & Allied Indus. Employees Union, Local No. 618 v. Town & Country Ford, Inc.*, 709 F.2d 509, 514 (8th Cir.1983) ("[T]he issue of whether [a party's] alleged failure to satisfy the notice requirement barred arbitration is one of procedural arbitrability.") Its "bona fide" negotiation argument was decided in *Hope*, 380 F.3d at 1099 (Holding whether

negotiations were "deadlocked," thereby triggering arbitration is a matter for the arbitrator to decide.); *see also EFCO Corp.*, 359 F.3d at 956 ("[A]rbitrators should decide whether the procedural prerequisites for arbitration had been met."). Smart Cabling's claims are procedural in nature, and therefore should have been presented before the CIR.

## C. *Enforcement Action Time Barred*

Lastly, Smart Cabling argues the Union's enforcement action is time barred. Smart Cabling acknowledges that this issue is controlled by our holding in *International Brotherhood of Teamsters v. Kansas City Piggy Back,* 88 F.3d 659 (8th Cir. 1996). Nonetheless, Smart Cabling asks us to revisit our decision. However, this question is best referred to the court sitting en banc. *Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip.,* 4 F.3d 567, 571 (8th Cir. 1993).

## III. *Conclusion*

For the forgoing reasons, the judgment of the district court is affirmed.

_____