# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 11-1781

_____

Local 36 Sheet Metal Workers'        *
International Association,       *
AFL-CIO,       *
      *
          Appellee,       *      Appeal from the United States
      *      District Court for the
        v.       *      Western District of Missouri.
      *
Michael Whitney, doing business       *
as Whitney Industrial,       *
      *
          Appellant.       *

_____

Submitted: November 16, 2011
Filed: March 6, 2012

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Local 36 Sheet Metal Workers' International Association, AFL-CIO ("Local 36") obtained an arbitration award against Michael Whitney ("Whitney") d/b/a Whitney Industrial, a non-signatory to any collective bargaining agreement, under an alter-ego theory. Whitney appeals the district court's order enforcing the arbitration award, and we vacate and remand for further proceedings.

Whitney Mechanical Contractors, Inc. ("Whitney Mechanical") was a family-owned general contracting business based in Nixa, Missouri. Whitney's parents were the majority owners, while Whitney and his wife owned three percent of the corporation. Whitney Mechanical was a signatory to a standard form collective bargaining agreement ("the CBA") between the Southwest Missouri Area Contractors Association and Local 36.

After the death of Whitney's father in 2006, Whitney's mother decided to close Whitney Mechanical. Following her decision, Whitney Mechanical finished its existing projects but did not bid on any new projects. Whitney and his wife surrendered their three percent ownership back to the corporation in 2007. As the business wound down, it failed to pay into certain union benefit funds as required by the CBA, causing Local 36 to pull workers from Whitney Mechanical's projects. Meanwhile, in May 2008, Whitney registered to do business under the fictitious business name "Whitney Industrial." Under that name, Whitney conducted a new general contracting business using non-union labor.

The CBA included an arbitration clause requiring Local 36 and Whitney Mechanical to submit unresolved grievances to the Local Joint Adjustment Board ("JAB") for binding resolution. On July 14, 2008, Local 36 filed a grievance against Whitney Mechanical and Whitney Industrial, claiming that Whitney Industrial was acting as an alter ego of Whitney Mechanical and that both had violated various provisions of the CBA. Local 36 sent all correspondence regarding the grievance to Whitney Mechanical's Nixa address, rather than the Springfield, Missouri address identified by the Whitney Industrial fictitious name registration.[1] Nevertheless,

---

[1]On July 24, 2008, Whitney formally registered Whitney Industrial Contractors, LLC as a limited liability company, but Local 36 did not amend the grievance or direct any correspondence to the address of Whitney Industrial Contractors, LLC.

-2-

Whitney acknowledges he also maintained an office at the Nixa address and received all correspondence regarding the grievance and arbitration.

Local 36 informed Whitney in an August 14, 2008 letter that Local 36 would demand a hearing before the JAB. A JAB representative subsequently informed Whitney by letter about a pending JAB hearing. Whitney never responded. The hearing occurred on February 18, 2009, with no appearance by Whitney Mechanical or Whitney Industrial. The JAB unanimously found that Whitney Industrial was an alter ego of Whitney Mechanical, that both entities were bound by the CBA, and that both entities had violated the CBA. It entered an award against Whitney Industrial and Whitney Mechanical ordering them to (i) comply with the CBA, (ii) pay union wages and benefits for all employees for the period beginning June 24, 2008, and (iii) submit to an audit to determine the amounts owed in item (ii). Whitney acknowledges receiving a copy of the award and taking no action in response.

Local 36 sued in federal district court to enforce the arbitration award against Whitney d/b/a Whitney Industrial, Whitney Mechanical, and Whitney Industrial Contractors, LLC. Whitney asserted that the award was unenforceable as to any business done under the fictitious name Whitney Industrial because he was not a party to the CBA, leaving the arbitrators with no jurisdiction over him. However, the district court found that Whitney's failure to challenge arbitral jurisdiction in a timely fashion, either at the JAB or in a court action, resulted in a waiver of all such jurisdictional challenges. Accordingly, the district court granted summary judgment enforcing the award against Whitney d/b/a Whitney Industrial.[2] We review a summary judgment order based on an arbitration-jurisdictional determination *de novo*. *Int'l Bhd. of Elec. Workers v. Smart Cabling Solutions, Inc.*, 476 F.3d 527, 529 (8th

[2]Whitney Mechanical did not appear, and the district court entered a default judgment against it. In addition, the district court declined to enforce the award against Whitney Industrial Contractors, LLC, finding that the award could not be construed as applying to that entity. Neither of these holdings were appealed.

Cir. 2007). "Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Nat'l Am. Ins. Co. v. W & G, Inc.*, 439 F.3d 943, 945 (8th Cir. 2006)).

On appeal, Whitney again presents his argument that the JAB had no authority over Whitney Industrial. There are two types of challenges to arbitral jurisdiction: procedural and substantive. *See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1098 (8th Cir. 2004). "Jurisdictional challenges of a procedural nature relate to whether the party who seeks arbitration, and the arbitrators themselves, abided by the procedural safeguards set forth in the collective bargaining agreement and in the rules of the arbitral body." *Id.* Such challenges "are generally appropriate for submission to the arbitrators themselves," *id.*, but this is not the type of challenge at issue here.

In contrast, jurisdictional challenges of a substantive nature "are generally for the courts to resolve." *Id.* The question of whether Whitney's new company, a non-signatory to the CBA, is nevertheless subject to the CBA as the alter ego of a signatory company fits squarely within the realm of substantive jurisdictional challenges. *See id.* (noting that substantive jurisdictional challenges relate to, *inter alia*, "whether the parties are subject to a valid contract that calls for arbitration"). As the Supreme Court has made clear, "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided *by the court, not the arbitrator*." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (emphasis added). Whitney contends that the district court denied him this opportunity.

In response, Local 36 argues, and the district court agreed, that our precedent does not allow a party who disputes an arbitrator's substantive jurisdiction to sit back and wait for a court action to enforce the award, but instead requires that party to act affirmatively in one of the following four ways: (i) object to the arbitrator's authority

but proceed to the merits before the arbitrator, while expressly reserving the jurisdictional question for the courts; (ii) seek preemptive declaratory or injunctive relief in court before the arbitration commences; (iii) notify the arbitrator of the refusal to arbitrate, thereby forcing the other party to file a motion in court to compel arbitration; or (iv) timely file a motion to vacate the arbitrator's award following arbitration. *See Local Union No. 36, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Atlas Air Conditioning Co.*, 926 F.2d 770, 771-72 (8th Cir. 1991). It is undisputed that Whitney did not take any of these four actions.[3]

Although we indeed have held that signatories to an arbitration agreement are required to follow one of these four affirmative methods to preserve their substantive jurisdictional challenges, we have never had occasion to determine if this precedent should apply to non-signatories such as Whitney.[4] The Second Circuit faced

---

[3]Regarding option (iv), a timely motion to vacate the arbitration award, timeliness is evaluated with respect to the statute of limitations from the state law most analogous to the dispute. *See Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972, 975 (8th Cir. 2001). In Missouri, that law is the Missouri Uniform Arbitration Act, which mandates that a motion to vacate an arbitration award be filed within ninety days after delivery of a copy of the award to the moving party. Mo. Rev. Stat. § 435.405(2), *cited by Systemaire*, 241 F.3d 972, 975. There is no dispute that Whitney did not act within this ninety-day window.

[4]Local 36 contends, and the district court agreed, that we did apply this precedent to a non-signatory in *Atlas Air Conditioning*. *See* 926 F.2d at 771 ("Atlas and Local 36, then, are not signatories to the same collective bargaining agreement."). This is a misreading of *Atlas Air Conditioning*. In that case, the employer, Atlas, was a signatory to a standard collective bargaining agreement with a different local of the same union. *Id.* That agreement required Atlas, when working outside its home territory, to honor "the Local Agreement covering the territory in which such work is performed or supervised." *Id.* at 772. The agreement expressly contemplated that Atlas would be subject to arbitration with the local in the territory it was visiting because it included "special protection afforded Atlas . . . intended to remedy any bias a local board [in the non-home territory] may have had against Atlas." *Id.* at 771.

substantially the same question in *Local Union No. 38, Sheet Metal Workers' International Ass'n, AFL-CIO v. Custom Air Systems, Inc.*, 357 F.3d 266 (2d Cir. 2004). Similar to our precedent, the Second Circuit had held that a party that chose not to participate in an arbitration proceeding and wished to challenge the arbitrator's substantive jurisdiction after the arbitration was completed could do so only by filing a motion to vacate the award within ninety days, the statute of limitations set by the most analogous state statute. *Id.* at 267. However, the *Custom Air* court noted that whether this precedent applied to a non-signatory to the arbitration agreement, purportedly an alter ego of a signatory, was a "novel issue." *Id.* The court ultimately held that the logic underlying its precedent would be inapplicable in the absence of a district court's threshold determination on the alter-ego question:

> A district court's independent determination of alter ego signifies that, for all relevant purposes, the non-signatory is legally equivalent to the signatory and is itself a party to the CBA. Only where this threshold determination has been made would a non-signatory be bound by an arbitral award and time-barred after expiration of the ninety day period from challenging the confirmation of the award.

*Id.* at 268 (citations omitted). Following the Supreme Court's admonition that "arbitrability vis a vis a non-signatory is for the district court to decide," *id.* (citing *AT&T Techs.*, 475 U.S. at 649), the Second Circuit remanded to the district court for a determination of whether the non-signatory was the alter ego of a signatory and, thus, bound by the arbitration agreement.

We agree with the Second Circuit's analysis and hold that a non-signatory to an arbitration agreement need not participate in the arbitration while expressly

---

Because the employer in *Atlas Air Conditioning* was a signatory to an agreement that contemplated the arbitration process that occurred, we disagree with Local 36's contention that *Atlas Air Conditioning* involved a non-signatory to an arbitration agreement.

reserving jurisdictional questions, file a preemptive declaratory judgment action, notify the arbitrator of its refusal to participate, or timely initiate a court action to vacate the arbitrator's award in order to have "the question of whether the parties agreed to arbitrate . . . be decided by the court, not the arbitrator." *AT&T Techs.*, 475 U.S. at 649; *accord Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 416 (9th Cir. 1996) (holding that a non-signatory, purported alter ego company's challenge to substantive arbitral jurisdiction was not time-barred by its failure to file a motion to vacate the award and could be raised as a defense to subsequent enforcement proceedings). Of course, a non-signatory that demonstrates an intent to present substantive jurisdictional questions to the arbitrator, through participation in the proceeding or otherwise, might effect a waiver of the right to have a court determine the issue, just as a signatory might. *See, e.g.*, *Franklin Elec. Co. v. Int'l Union, United Auto. Aerospace & Agric. Implement Workers of Am. (UAW)*, 886 F.2d 188, 192 (8th Cir. 1989) ("Franklin Electric proceeded to argue the issue to the arbitrator without expressly reserving the issue for initial judicial resolution. By their conduct the parties granted the arbitrator the jurisdiction to decide their arbitrability question and in effect empowered him to decide those issues." (internal quotation omitted)). In this case, however, Whitney's decision not to acknowledge any communications or actions of the JAB—a tribunal that obtained its power only through an agreement that Whitney never signed—cannot reasonably be characterized as showing his intent to submit to its authority to any degree, much less "clearly and unmistakably." *AT&T Techs.*, 475 U.S. at 649.

For the foregoing reasons, we agree with Whitney that the JAB had no authority to determine whether his new company was the alter ego of Whitney Mechanical and, thus, bound by the CBA. Therefore, we vacate the district court's adverse grant of summary judgment as to Whitney d/b/a Whitney Industrial. We remand to the district court to determine, independently of the JAB's findings and as a threshold to considering enforcement of the arbitration award against Whitney d/b/a Whitney Industrial, whether Whitney d/b/a Whitney Industrial is an alter ego of

Whitney Mechanical and, thus, bound by the CBA, and to conduct other proceedings not inconsistent with this opinion.

_____