RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0173p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

GREENHOUSE HOLDINGS, LLC,

                *Plaintiff-Appellee*,

   *v.*

INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 91,

               *Defendant-Appellant*.

No. 21-6164

Appeal from the United States District Court for the Western District of Kentucky at Owensboro.
No. 4:21-cv-00029—Joseph H. McKinley, Jr., District Judge.

Argued: July 26, 2022

Decided and Filed: August 8, 2022

Before: GILMAN, GRIFFIN, and THAPAR, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Kera L. Paoff, WIDMAN & FRANKLIN, LLC, Toledo, Ohio, for Appellant. Robert D. Martin, MERIDIAN LAW, PLLC, Brentwood, Tennessee, for Appellee. **ON BRIEF:** Kera L. Paoff, WIDMAN & FRANKLIN, LLC, Toledo, Ohio, for Appellant. Robert D. Martin, MERIDIAN LAW, PLLC, Brentwood, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

THAPAR, Circuit Judge. Arbitrators have broad authority. The question here is whether that authority allows the arbitrator to bind a non-signatory (someone who hasn't signed an underlying arbitration agreement) to an arbitration award. He could if there's clear and

unmistakable evidence that the non-signatory agreed to arbitrate that question. But the district court didn't resolve this fact-intensive threshold issue. So we vacate and remand.

I.

Two companies are relevant to this appeal. Greenhouse Holdings, LLC operates under the name Clearview Glass and Glazing and cuts and installs glass products in Kentucky. Clearview Glass and Glazing Contractors of Tennessee LLC (Clearview Tennessee) does similar work in Tennessee. Greenhouse's owners own ninety percent of Clearview Tennessee. Suffice to say, there's a lot of overlap between the two companies.

The parties to this appeal are Greenhouse and the International Union of Painters and Allied Trades District Council 91. They agree that the Union has a collective-bargaining agreement (CBA) with Clearview Tennessee. But they dispute whether Greenhouse is also bound by the CBA.

The Union filed a grievance against "Clearview Glass," alleging that it violated the CBA. R. 17-2, Pg. ID 256–57. But the grievance didn't specify whether "Clearview Glass" meant Greenhouse, Clearview Tennessee, or both. The grievance eventually moved to arbitration. Both before and during arbitration, the Union made clear that it thought Greenhouse was bound by and in violation of the CBA. In response, Daniel Kinney—part-owner of Greenhouse and Clearview Tennessee and the only non-union party representative at arbitration—argued that Greenhouse was a non-union shop.

The arbitrator sided with the Union and ordered "Clearview Glass and Glazing" to "pay to the Union the amount of underpaid wages and benefits due its non-Tennessee shop employees,"[1] apparently referring to those employees working out of Greenhouse's shop in Kentucky. R. 17-3, Pg. ID 259, 272. And in a supplemental award, it specified the amount of damages owed to the Union.

---

[1]The award also reached the Tennessee shops, but those portions of the award aren't at issue here.

Greenhouse challenged that award in federal court. Because it wasn't convinced "that Greenhouse ever assented to the CBA," the district court vacated the award "to the extent it applies to Greenhouse." R. 27, Pg. ID 565–66. The Union appeals.

II.

Before we proceed to the merits, we must confirm that we have jurisdiction over this dispute. Greenhouse brought this motion to vacate under section 10 of the Federal Arbitration Act. But that section doesn't give federal courts subject-matter jurisdiction. *See Badgerow v. Walters*, 142 S. Ct. 1310, 1318 (2022). Instead, there must be an independent basis for jurisdiction. And that basis must be clear on "the face of the [motion to vacate] itself." *Id.* at 1316.

The Labor Management Relations Act (LMRA) can supply an independent basis for jurisdiction. The LMRA confers jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization . . . ." 29 U.S.C. § 185(a); *see* 13D Charles Alan Wright, Arthur R. Miller & Richard D. Freer, *Federal Practice and Procedure* § 3581 (3d ed.). And it's well-established that the LMRA "authorizes courts to enforce or vacate labor arbitration awards." *UAW Int'l v. TRW Auto. U.S. LLC*, 850 F. App'x 929, 940 (6th Cir. 2021); *accord United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 595–96 (1960) (exercising jurisdiction over a suit to enforce (or confirm) an arbitration award); *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 450–51 (1957) (holding that the LMRA grants broad authority to enforce arbitration agreements).

Here, the LMRA supplies us with jurisdiction that's clear on the face of Greenhouse's motion to vacate. Properly understood, the arbitrator's award is a "contractual resolution of the parties' dispute." *Badgerow*, 142 S. Ct. at 1317; *cf. Enter. Wheel & Car Corp.*, 363 U.S. at 599 (noting that the parties "bargained for" the arbitrator's construction of the CBA ). So refusal to comply with a labor-arbitration award is itself a contract violation over which the LMRA grants jurisdiction. *See* 20 Williston on Contracts § 56:106 (4th ed.); *Textile Workers Union of Am. v. Cone Mills Corp.*, 268 F.2d 920, 925 (4th Cir. 1959). Simply put, when a party moves to vacate

a labor-arbitration award, the LMRA provides an independent basis for jurisdiction that's clear "on the face of the [motion to vacate] itself." *Badgerow*, 142 S. Ct. at 1316.**2**

### III.

Turning to the merits, the Union makes two arguments: (1) Greenhouse's motion to vacate was untimely; and (2) the district court erred in determining that Greenhouse couldn't be bound by the arbitration award. We address each in turn.

### A.

Under the FAA, a party has three months after an arbitration award is "filed or delivered" to serve notice of a motion to vacate. 9 U.S.C. § 12. Here, the arbitrator issued its initial award on January 27, 2021. And Greenhouse didn't move to vacate until May 19, 2021—more than three months after the initial award. So, the Union argues, Greenhouse's motion is untimely.

But the Union misses the mark. A party can challenge only a "final" award. *Savers Prop. & Cas. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 748 F.3d 708, 719 (6th Cir. 2014). And an award is final only if it determines both liability and damages. *Id.* But the arbitrator's initial award didn't establish damages; it left the total damages amount "to be determined." R. 17-3, Pg. ID 272. The arbitrator didn't determine the amount of damages until it issued a supplemental award on February 19, 2021. So that's when Greenhouse's three-month period began to run. And because Greenhouse filed its motion within three months of the supplemental award, the motion was timely filed under the FAA.

### B.

Next, the Union argues that the district court erred in analyzing whether the arbitration award could bind Greenhouse. The district court held that Greenhouse wasn't a party to the CBA and thus the arbitrator acted outside his authority to the extent the award applied to Greenhouse. But, in the Union's view, Greenhouse consented to arbitrate. If that's right, the

---

**2**It's irrelevant that we're dealing with a motion to vacate rather than to confirm—those claims are flip sides of the same coin. *See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 312–13 (3d Cir. 2021).

Union argues, the district court erred by taking a fresh look at whether the award could bind Greenhouse.

Courts are presumptively responsible for deciding threshold arbitrability questions such as who's agreed to arbitrate what. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944–45 (1995). Of course, parties can instead agree to submit these questions to arbitration. But there must be "clear and unmistakable evidence" that they did so. *Id.* at 944 (cleaned up); *see Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527, 530 (2019).

Despite this demanding standard, an agreement to arbitrate arbitrability need not be in writing. *Cf. Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009). In fact, we may infer agreement when a party willingly participates in the arbitration without objecting to the arbitrator's jurisdiction. *See PolyOne Corp. v. Westlake Vinyls, Inc.*, 937 F.3d 692, 698 (6th Cir. 2019) (collecting cases).[3] That's true for both signatories and non-signatories alike. *See Equitable Res. v. United Steel Workers Int'l Union, AFL-CIO/CLC*, 621 F.3d 538, 545–49 (6th Cir. 2010) (affirming an arbitration award against a non-signatory where it agreed to arbitration); *cf. Town & Country Salida, Inc. v. Dealer Comput. Servs., Inc.*, 521 F. App'x 470, 474 (6th Cir. 2013) (stating that a non-signatory might be bound if it "clearly submitted" to arbitration).[4]

So did Greenhouse consent to arbitrate arbitrability? The district court didn't address this threshold question. After finding that Greenhouse hadn't signed the CBA, it concluded that the arbitrator exceeded his authority by "determining the rights or obligations of a non-party to the arbitration." R. 27, Pg. ID 566 (cleaned up).

---

[3]Simply showing up at arbitration doesn't constitute consent. Thus, an agreement to arbitrate can't be inferred when a party announces at the front end its objection to the arbitrator's jurisdiction. *See First Options*, 514 U.S. at 945–46. And when a party is compelled to arbitrate, it of course doesn't waive any such objections simply by participating in arbitration. *See PolyOne*, 937 F.3d at 698.

[4]*See also, e.g.*, *Loc. 36 Sheet Metal Workers' Int'l v. Whitney*, 670 F.3d 865, 869 (8th Cir. 2012) (explaining that a non-signatory can waive "the right to have a court determine" arbitrability "through participation in the proceeding or otherwise"); *Carpenters 46 N. Cal. Cntys. Conf. Bd. v. Zcon Builders*, 96 F.3d 410, 414–15 (9th Cir. 1996) (suggesting that consent to arbitrate can be implied from the parties' conduct at arbitration); *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 777 (2d Cir. 1995) ("In the absence of a signature, a party may be bound by an arbitration clause if its subsequent conduct indicates that it is assuming the obligation to arbitrate.").

But that skips a step.  Before independently analyzing arbitrability, the district court must first decide whether Greenhouse consented to arbitrate that question.  *See First Options*, 514 U.S. at 942–43.  If Greenhouse consented to arbitrate the threshold arbitrability question, then the arbitrator has the authority to determine whether Greenhouse is bound by the CBA.  *See PolyOne*, 937 F.3d at 698; *see also Equitable Res.*, 621 F.3d at 548 n.3 (listing ways "that a non-signatory to an agreement to arbitrate may be bound by an arbitral award").  And our power to review the arbitrator's award would be limited.  *See Bhd. of Locomotive Eng'rs v. United Transp. Union*, 700 F.3d 891, 900–01 (6th Cir. 2012).

Here, it's disputed whether Greenhouse consented to arbitrate.  For example, we have dueling declarations—one from the Union's attorney and the other from Kinney.  On one hand, the Union's attorney suggests that Kinney spoke on behalf of Greenhouse at the arbitration.  But on the other, Kinney states that he participated only on behalf of Clearview Tennessee.  This dispute matters.  If Greenhouse wasn't at the arbitration, or if Kinney appeared on behalf of Greenhouse merely to object to the arbitrator's authority, then the court can decide de novo whether Greenhouse was bound by the CBA.  But if Greenhouse consented to arbitration and the question of whether it was bound by the CBA was clearly before the arbitrator, then a higher standard of review applies.

Because the evidence should be weighed by the district court in the first instance, we decline to address the fact-intensive question of consent.  *Cf. Moreno v. Zank*, 895 F.3d 917, 926 (6th Cir. 2018).

\*       \*       \*

We therefore vacate and remand for the district court to determine whether Greenhouse consented to arbitration.